UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11117-GAO

JUAN MIRANDA,
Plaintiff,

v.

ROBERT HURLEY and CITY OF BOSTON,
Defendants.

OPINION AND ORDER
July 22, 2011

O'TOOLE, D.J.

In this action, the plaintiff, Juan Miranda, alleges that Boston police officer, Robert

Hurley, used excessive force while arresting him on September 9, 2009, for operating a vehicle

after his license was revoked. He claims that although he told Hurley at the time of arrest that he

had a prior back injury, Hurley forcefully handcuffed him with his hands behind his back,

pushed his head down hard when putting him in the police cruiser, and refused to retrieve his

medication that was at the scene, causing him serious pain and injury. He asserts constitutional

claims under the First, Fourth, and Fourteenth Amendments against Hurley pursuant to 42 U.S.C.

§ 1983 and a negligence claim against the City of Boston. The defendants, Hurley and the City

of Boston, have moved to dismiss the complaint.

I.      Claims Against Hurley

"A claim under section 1983 has two essential elements. First, the challenged conduct

must be attributable to a person acting under color of state law," and "second, the conduct must

have worked a denial of rights secured by the Constitution or by federal law." Soto v. Flores, 103

F.3d 1056, 1061-62 (1st Cir. 1997). Here, there is no dispute that Hurley was acting under color

of state law when he arrested Miranda. At issue instead is whether Miranda has sufficiently alleged a deprivation of constitutional rights.

Hurley first moves to dismiss the First Amendment claims against him. With the exception of a lone reference to the First Amendment in paragraph 24 of his complaint, Miranda makes no mention of rights associated with that amendment, nor does he allege any facts which would give rise to a violation of those rights. He does not allege, for instance, that Hurley acted with the intent and purpose of intimidating him, see Tatro v. Kervin, 41 F.3d 9, 18 (1st Cir. 1994), or that, in fact, his expressive rights were chilled, see Sullivan v. Carrick, 888 F.2d 1, 4 (1st Cir. 1989). Accordingly, the complaint fails to allege a violation of Miranda's First Amendment rights.

Hurley also argues that Miranda's Fourteenth Amendment claim, based on Hurley's alleged failure to retrieve Miranda's medication, likewise fails. First, while Miranda may have notified Hurley about his back injury, the allegations are insufficient to infer a serious medical need. See Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990) (defining a serious medical need as "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"). Second, assuming *arguendo* a serious medical need, Miranda's allegations are insufficient to demonstrate that Hurley was deliberately indifferent to that need. See Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007) (requiring that an officer be subjectively aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and that he in fact draw the inference). There are no allegations that Miranda exhibited any outward manifestation of pain such that Hurley would have been aware of it, and when Miranda requested to be transported with his medication, he apparently did not specify that it was pain medication or request to be able to actually use it.

Consequently, Miranda has failed to state a § 1983 claim based on deliberate indifference to a serious medical need under the Fourteenth Amendment.

Finally, Hurley argues that Miranda's Fourth Amendment allegations fall short of stating an actionable claim for excessive force because Hurley's alleged conduct was not objectively unreasonable in light of the circumstances and facts known to him at the time. Taking Miranda's facts as true, Hurley arrested Miranda for driving after his license was revoked, a minor offense that does not invoke concerns about violence. There was no immediate threat to Hurley's safety, nor was Miranda actively resisting arrest or attempting to evade arrest by flight. Furthermore, Miranda asserts that he had warned Hurley of his back problems prior to the arrest. See Jennings v. Jones, 499 F.3d 2, 11 (1st Cir. 2007) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)) (noting that considerations regarding the reasonableness of an officer's actions include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight"). At this stage, Miranda has made sufficient allegations of an excessive use of force to state a claim that Hurley's actions during the arrest were unreasonable. See Aceto v. Kachajian, 240 F. Supp. 2d 121, 124-25 (D. Mass. 2003) (collecting cases).

Hurley goes on to argue that even if his conduct could amount to a violation of Miranda's constitutional rights, he is entitled to the defense of qualified immunity because the right at issue—the right of a non-threatening individual being arrested for a relatively minor offense not to be handcuffed behind his back after informing an officer of a serious injury where there is no objective indicia of the injury—was not clearly established at the time of the incident. Hurley

proposes too narrow a definition of the right at issue. The proper definition is the right of an arrestee not to be subjected to unreasonable or excessive force by the arresting officer. Thus defined, the right has long been clearly established. Miranda has adequately pled that claim, and whether it can be sustained is a matter for factual development and resolution.

Hurley's motion to dismiss is denied as to an excessive force claim under § 1983.

## II.     Negligence Claim Against Boston

Miranda's negligence claim against the City of Boston appears to have two separate bases: 1) the conduct of Hurley, an employee of the city; and 2) the city's alleged failure to properly train, supervise, and discipline Hurley and other Boston police officers. With regard to the former, the city correctly argues that Miranda's claim is barred by Massachusetts General Laws chapter 258, § 10(c), which exempts municipalities from liability for claims of intentional torts. Miranda defines his claim as "negligence," but the facts he asserts in support of the claim are claims of intentional conduct. (See, e.g., Compl. ¶¶ 10-11, 13, 15, 22.) Plaintiffs are entitled to plead in the alternative, as Miranda tries to do, but the complaint must offer sufficient factual allegations for those alternatives to withstand a Rule 12(b)(6) motion.

With regard to the latter theory of liability, the city's purported failure to train, supervise, and discipline police officers, the complaint is completely devoid of any factual basis to support the theory. Because Miranda has failed to provide a single factual allegation to support the bald accusation, his negligence claim cannot be based on the city's own alleged omissions or actions either. See Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

Consequently, Miranda has failed to state a claim against the City of Boston.

## III. Conclusion

For the foregoing reasons, the Defendant, Robert Hurley's Motion to Dismiss Count One of the Plaintiff's Complaint (dkt. no. 8) is DENIED as to an excessive force claim, but GRANTED as to the First and Fourteenth Amendment claims. The Defendant, City of Boston's Motion to Dismiss Count Two of the Plaintiff's Complaint (dkt. no. 9) is GRANTED.

It is SO ORDERED.

       /s/ George A. O'Toole, Jr.
United States District Judge